## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

DONNA K. HOLLINGSWORTH, on behalf of    )
herself and all others similarly situated,    )
          Plaintiff,    )
                                     )
          v.    )
                                     )
ZWICKER & ASSOCIATES P.C.,    )
          Defendant    )

### CLASS ACTION COMPLAINT

### INTRODUCTION

1.      Plaintiff Donna K. Hollingsworth brings this action on behalf of herself and all others similarly situated to secure redress for violations by Defendant Zwicker & Associates P.C. (hereinafter "Zwicker Associates") of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereafter "FDCPA"), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices. Defendant, in its collection business, has caused form letters to be sent to debtors in window envelopes from which the debtor's full social security number is on display to any third parties who view the envelope, in violation of not only the FDCPA, but also the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801, *et seq.* (hereafter "G-L-B Act").

### JURISDICTION

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

### PARTIES

3.      Plaintiff Donna K. Hollingsworth is a natural person residing in Sardina, Ohio, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4.      Defendant Zwicker & Associates P.C. (hereinafter "Zwicker Associates"), is a

corporation operating from address 80 Minuteman Road, Andover, MA 01810-1031 and is

engaged in the business of collecting debts in Ohio and Massachusetts, among other states.

5.      Defendant Zwicker Associates is not an attorney.

6.      Defendant Zwicker Associates regularly attempts to collect debts owed or due or

asserted to be owed or due others.

7.      Defendant Zwicker Associates uses instrumentalities of interstate commerce or

the mails in a business in Massachusetts the principal purpose of which is the collection of

consumer debts.

8.      Defendant Zwicker Associates is a "debt collector" as that term is defined in

FDCPA § 1692a(6).

## FACTUAL ALLEGATIONS

9.      Sometime prior to September 2007, Plaintiff allegedly incurred a "consumer

debt," as that term is defined by 15 U.S.C. § 1692a(5), for a consumer credit card with

"Discover" (hereafter "alleged debt").

10.      On information and belief the alleged debt was transferred or assigned to Zwicker

Associates sometime prior to September 2007.

11.      On information and belief Zwicker Associates' system is to use consumer's social

security numbers as their account numbers.

12.      On or about September 26, 2007, Zwicker Associates caused a written

communication to be sent to Plaintiff in a window envelope which published Plaintiff's social

security number.  One of the lines plainly in view, and disclosed to the public, stated "Correct

SSN" followed by Plaintiff's actual, full 9 digit social security number.  A redacted copy of the

envelope as it looked when received by Plaintiff is attached hereto as **Exhibit 1**.

13.      When Plaintiff received Exhibit 1 she immediately contacted Zwicker Associates

and notified it of the publication of her social security number.  Zwicker Associates said it would look into it.

14.     Zwicker Associates failed and/or refused to change the manner of its mailings to Plaintiff.

15.     On or about October 2, 2007, Zwicker Associates caused a second written communication to be sent to Plaintiff in a window envelope which published Plaintiff's social security number.  One of the lines plainly in view, and disclosed to the public, stated "Correct SSN" followed by Plaintiff's actual, full 9 digit social security number.  A redacted copy of the envelope as it looked when received by Plaintiff is attached hereto as **Exhibit 2**.

16.     On or about October 10, 2007, Zwicker Associates caused a third written communication to be sent to Plaintiff in a window envelope which published Plaintiff's social security number.  One of the lines plainly in view, and disclosed to the public, stated "Correct SSN" followed by Plaintiff's actual, full 9 digit social security number.  A redacted copy of the envelope as it looked when received by Plaintiff is attached hereto as **Exhibit 3**.

17.     On or about November 7, 2007, Zwicker Associates caused a fourth written communication to be sent to Plaintiff in a window envelope which published Plaintiff's social security number.  One of the lines plainly in view, and disclosed to the public, stated "Correct SSN" followed by Plaintiff's actual, full 9 digit social security number.  A redacted copy of the envelope as it looked when received by Plaintiff is attached hereto as **Exhibit 4**.

18.     The four communications, Exhibits 1 through 3, which Zwicker Associates mailed to Plaintiff clearly displayed Plaintiff's social security number in direct view of any third parties.

19.     On information and belief, based on the mailing to Plaintiff, Zwicker Associates

sent form documents similar to **Exhibits 1** through **4** to hundreds of other consumers residing in

Ohio and Massachusetts, in the same manner as portrayed by **Exhibits 1** through **4**, in a window

envelope which published to the public those consumer's "Correct SSN" and listed the actual 9

digit number ("other social security numbers"), in connection with the collection or attempted

collection of consumer debts from those other consumers.

20.     Section 6801 of the Gramm-Leach-Bliley Act (hereafter "G-L-B Act"), provides:

Protection of nonpublic personal information
(a) Privacy obligation policy
It is the policy of the Congress that each financial institution has an affirmative and
continuing obligation to respect the privacy of its customers and to protect the security
and confidentiality of those customers' nonpublic personal information.

21.     The G-L-B Act is a consumer protection statute.

22.     Zwicker Associates is a financial institution as that term is defined in the G-L-B

Act § 6809(3) and its implementing regulation at 16 C.F.R. § 313.3(k).

23.     Plaintiff and the other consumers described above are "consumers" as that term is

defined in the G-L-B Act § 6809(9) and 16 C.F.R. § 313.3(e).

24.     Plaintiff and the other consumers described above have a "customer relationship"

with Zwicker Associates and are therefore "customers" of Zwicker Associates as those terms are

defined in the G-L-B Act § 6809(11) and 16 C.F.R. §§ 313.3(h) and (i).

25.     Plaintiff's social security number and the other social security numbers are

"nonpublic personal information" as that term is defined in the G-L-B Act § 6809(4) and its

implementing regulation at 16 C.F.R. § 313.3(n).

26.     The public to whom Plaintiff's and the other social security numbers were

published are "nonaffiliated third parties as that term is defined in the G-L-B Act § 6809(5) and

its implementing regulation at 16 C.F.R. § 313.3(m).

27.     The conduct of Zwicker Associates described above violates the G-L-B Act §§

6801(a) and 6802(a) and 16 C.F.R. § 313.10.

28.     Publishing social security numbers to the public is an inherently unfair act or practice.

29.     Failing and/or refusing, upon demand and/or notice, to discontinue publishing Plaintiff's and the other social security numbers to the public is an inherently unfair act or practice.

## CAUSE OF ACTION — FDCPA

30.     Plaintiff realleges paragraphs 1 through 29 above.

31.     Plaintiff is a consumer as that term is defined in FDCPA § 1692a(3).

32.     The alleged debt was a debt as that term is defined in FDCPA § 1692a(5).

33.     Defendant Zwicker Associates has violated the FDCPA.  Defendant's violations include, but are not limited to:

        a.      Communicating the Plaintiff's social security number to third parties in connection with the collection of a debt, in violation of FDCPA § 1692c(b);

        b.      Using any language or symbol, other than the debt collector's address, on an envelope when communicating with the Plaintiff by use of the mails, in violation of FDCPA § 1692f(8);

        c.      Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt, in violation of FDCPA § 1692d; and

        d.      Use of unfair or unconscionable means to collect or attempt to collect the alleged debt, in violation of FDCPA § 1692f.

## CLASS ALLEGATIONS

34.     This action is brought on behalf of a class of (i) all natural persons with addresses

in Ohio and Massachusetts (ii) to whom were sent a written communication by Zwicker

Associates (iii) on or after a date one year prior to the filing of this action, (iv) in a form similar

to **Exhibits 1** through **4**, in the same manner as portrayed by **Exhibits 1** through **4**, in a window

envelope which disclosed to the public those consumer's "Correct SSN" and listing the actual 9

digit number, (v) in connection with the collection or attempted collection of a consumer debt

(vi) which were not returned undelivered by the U.S. Post Office.

35.     On information and belief, the class is so numerous that joinder of all members is

impracticable.

36.     There are questions of law and fact common to the class members, which

questions predominate over any questions affecting only individual class members.  The

principal question presented is Zwicker Associates' sending form documents similar to **Exhibits

1** through **4**, in the same manner as portrayed by **Exhibits 1** through **4**, violates the FDCPA.

37.     The only individual issue is the identification of the class members, a matter

capable of ministerial determination from Zwicker Associates' records.

38.     Plaintiff's claims are typical of those of the class members.  All are based on the

same factual and legal theories.

39.     Plaintiff will fairly and adequately represent the class members.  Plaintiff is

committed to vigorously litigating this matter.  Plaintiff has retained counsel experienced in

bringing class actions and consumer claims.  Neither Plaintiff nor her counsel has any interests,

which might cause her not to vigorously pursue this claim.

40.     A class action is superior to other available methods for the fair and efficient

adjudication of the class members' claims. The class members include persons generally

unsophisticated in financial matters, whose rights will not be vindicated in the absence of a class

action.

41.     Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil

Procedure is also appropriate in that Defendant has acted on grounds generally applicable to the

class thereby making appropriate declaratory relief with respect to the class as a whole.

42.     Congress specifically contemplated FDCPA class actions as a principal means of

enforcing the statute.

## PLAINTIFF'S DAMAGES

43.     As a result of Defendant's violations of the FDCPA, Plaintiff suffered actual

damages, including but not limited to emotional distress and invasion of privacy.

44.     Plaintiff is entitled to her actual damages pursuant to FDCPA § 1692k(a)(1).

45.     Plaintiff is also entitled to an award of statutory damages pursuant to FDCPA §

1692k(a)(2)(A) and the class is entitled to statutory damages up to $500,000 or 1% of the net

worth of Defendant, whichever is less, from Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(B).

46.     Plaintiff is entitled to her costs and attorney's fees pursuant to FDCPA §

1692k(a)(3).

WHEREFORE, Plaintiff respectfully requests that this Court:

A.     Certify a class as described above pursuant to Fed. R. Civ. P. 23(b)(2) and/or

23(b)(3);

B.     Enter judgment for the Plaintiff and against Defendant in the amount of her actual

damages pursuant to FDCPA § 1692k(a)(1);

C.     Enter judgment for the Plaintiff and the class and against Defendant for the

maximum amount of statutory damages pursuant to 15 U.S.C. §§ 1692k(a)(2)(A) and

1692k(a)(2)(B);

D.     Award the Plaintiff and the class their costs, litigation expenses and reasonable

attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

      E.      Declare that Defendant's communication in a form and manner similar to

**Exhibits 1** through **4** violate the FDCPA;

      F.      Grant such other and further relief as may be just and proper.

Donna K. Hollingsworth, Plaintiff
by her Attorneys,

s/Yvonne W. Rosmarin
Yvonne W. Rosmarin  BBO #566428
Law Office of Yvonne W. Rosmarin
58 Medford Street
Arlington, MA 02474
781-648-4040

Thomas J. Lyons, Jr.
*Pro Hac Vice* Admission Pending
Consumer Justice Center, P.A.
367 Commerce Court
Vadnais Heights, MN 55127

**JURY DEMAND**

Plaintiff demands trial by jury.

s/Yvonne W. Rosmarin
Yvonne W. Rosmarin
